United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **TEZI SANJI HYACINTHE,**<br>Petitioner, | §<br>§<br>§ | |
| v. | § | **Civil Action No.** 1:26-cv-335 |
| **CARLOS D. CISNEROS,** *et al.*,<br>Respondents, | §<br>§<br>§ | |

**ORDER**

The Court is in receipt of Petitioner Tezi Sanji Hyacinthe's "Motion for the Appointment of Counsel Pursuant to 18 U.S.C § 3006A" (Hyacinthe's "Motion for Appointment of Counsel"). Dkt. No. 3 (errors in original). In his Motion for Appointment of Counsel, Hyacinthe requests that the Court appoint counsel to assist him in connection with his § 2241 Petition [Dkt. No. 1]. *Id.* at 2–3. For the reasons provided below, Hyacinthe's Motion for Appointment of Counsel [Dkt. No. 3] is **DENIED**.

There is no constitutional right to counsel in civil cases. *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018). Courts maintain discretion in determining whether to appoint counsel in civil cases. 18 U.S.C. § 3006a(a)(2); 28 U.S.C. § 1915(e)(1); *Coleman v. Saul*, No. 3:19-cv-02198-K (BT), 2020 WL 10817490, at *2 (N.D. Tex. Mar. 5, 2020). A court may appoint counsel if the plaintiff demonstrates that appointment would "aid in the efficient and equitable disposition of the case." *Montenegro v. Murphy*, No. 4:22-cv-476-ALM-KPJ, 2023 WL 425826, at *1 (E.D. Tex. Jan. 26, 2023) (quoting *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam)). "Generally, the appointment of counsel should be reserved for cases that present 'exceptional circumstances.'" *Id.* (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Fifth Circuit has articulated four factors to determine whether a plaintiff exhibits exceptional circumstances: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Jackson*, 811 F.2d at 262 (citing *Ulmer*, 691 F.2d at 213 (internal citations omitted); *see also Lewis v. McConnell Unit*, No. 2:16-CV-124, 2016 U.S. Dist. LEXIS 141640, at *2-3 (S.D. Tex. Oct. 13, 2016).

After due consideration of the *Ulmer* factors and the facts of this case, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Hyacinthe's claims are not novel or complex when compared to other habeas actions. *See Jackson*, 811 F.2d at 262. The second and third factors consider whether the plaintiff can adequately investigate and present his case. *Ulmer*, 691 F.2d at 213. Hyacinthe has thus far demonstrated his ability to do so. He has filed his § 2241 Petition [Dkt. No. 1]; his Memorandum in Support of his § 2241 Petition [Dkt. No. 2]; and his IFP Application [Dkt. No. 4]. The fourth factor requires examination of whether the evidence will consist of conflicting testimony to require skills in the presentation of evidence. *Ulmer*, 691 F.2d at 213. At this stage of the case, it does not appear that the evidence will consist in large part of conflicting testimony that will require skill in the presentation of evidence and cross-examination. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case. *See Jackson*, 811 F.2d at 262.

For the reasons stated above, Hyacinthe's Motion for Appointment of Counsel [Dkt. No. 3] is **DENIED**.

**SO ORDERED.**

**SIGNED** on this **27th** day of **March**, **2026**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**